UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE TOCA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-2292** |
| **BURL CAIN, WARDEN** | **SECTION: "I"(6)** |

## REPORT AND RECOMMENDATION

Petitioner, George Toca, has filed with this court an application for habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to petitioner's "Motion to Stay and Abate Accompanying Application for Writ of Habeas Corpus".

## I. BACKGROUND[1]

In 1985, petitioner was tried and convicted in New Orleans, Louisiana for first degree murder and was sentenced to life imprisonment. In 2004, an application for post-conviction relief was filed in state district court on behalf of petitioner by "Innocence Project

---

[1] As the State has not yet filed with this court a copy of the pertinent state court record, the above background information has been ascertained from the pleadings submitted in connection with the instant motion.

New Orleans". That 2004 post-conviction application is still pending before the state district court.[2]

## II. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has a one-year statute of limitations for filing a federal habeas corpus application pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. This limitation period, however, is tolled while "a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). An application for post-conviction relief is not considered to have been "properly filed" and, therefore, does not toll prescription, if it is rejected by the state courts as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410, 125 S.Ct. 1807, 1810, 161 L.Ed.2d 669 (2005); s*ee also Hayden v. Cain*, 2007 WL 128854, *1 (E.D. La. 2007) (citations omitted) ("[W]hen state courts reject a state post-conviction application as untimely, it should not be considered

---

[2]The delay in receiving a final adjudication on his 2004 post-conviction application may be attributable, in part, to the fact that petitioner attempted to have the state district judge recused from the case on the basis that the judge, at the time of petitioner's trial, was employed by the Orleans Parish District Attorney's Office. Petitioner's recusal motion was denied by the district judge on March 4, 2005. His writ application to the Louisiana Fourth Circuit Court of Appeal was denied on May 19, 2005. Finally, on February 3, 2006, the Louisiana Supreme Court denied petitioner relief in connection with his motion to recuse. *See State v. Toca*, 922 So.2d 1172 (La. 2006).

'properly filed' for purposes of the AEDPA and does not entitle a petitioner to statutory tolling.").

It is well-established that a petitioner, before seeking federal habeas corpus relief, must first exhaust his available state court remedies. 28 U.S.C. § 2254 (b)(1)-(3); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988).

In this case, petitioner admits that he has not exhausted his state court remedies. Specifically, petitioner represents that he "currently has pending in the district court for the State of Louisiana an application for post-conviction relief premised on newly discovered evidence", and that the instant habeas corpus petition is based on "the same claims" and the same "newly discovered evidence" set forth in his pending state post-conviction application.[3] Petitioner, however, anticipates that the state district court may deem his pending state post-conviction application untimely.[4] If said application is dismissed as untimely then, pursuant

---

[3]*See* Federal rec., doc. 2, petitioner's motion at p. 2.

[4]Specifically, petitioner states that he has filed this "protective" habeas corpus application "in case the trial court should rule that [he] is time-barred as a way of avoiding addressing the merits of his claims...." *See* Federal rec., doc. 2, petitioner's motion at p. 3.

to *Pace*, *supra*, the time his post-conviction action was pending in the state courts will not toll the AEDPA's one-year prescriptive period.

To avoid a prescription problem in connection with a later-filed habeas corpus action, petitioner has filed the above-captioned matter despite the fact that he has not exhausted his state court remedies. Pursuant to the instant motion, petitioner seeks to have this court stay and hold his habeas petition in abeyance while his pending state post-conviction application proceeds through the state court system.

The prescription problem anticipated by petitioner is not unique. Such a situation arose in *Kethley v. Berge*, 14 F.Supp.2d 1077 (E.D.Wis. 1998), in the context of a petitioner's original federal habeas application being dismissed for failure to exhaust state court remedies. Because the time during which a premature federal action is pending does not toll prescription, *see Kethley,* 14 F.Supp.2d at 1079 ("time is not tolled while an improperly filed federal habeas petition is gathering dust on district court shelves"), a second federal petition, filed by Kethley after he exhausted his state court remedies, would have been time barred. Accordingly, in its order dismissing petitioner's unexhausted petition without prejudice, the *Kethley* court stipulated "that if petitioner chooses to reopen this federal petition when his state remedies are exhausted in accordance with 28 U.S.C. § 2254(c), he will be allowed to reopen this file under its present case number and with the benefit of the original filing date...." *Id.* at 1080.

In *Peterson v. Brennan*, 1998 WL 470139, *8 (E.D. Pa. 1998), a case factually similar to the instant situation, it was the federal district judge, rather than the petitioner, who anticipated that petitioner's state post-conviction application may be deemed untimely by the state courts and therefore, the filing would not be "'proper' within the terms of the AEDPA ... and the time petitioner spent in state court would not, it follows, toll the AEDPA's statute of limitations." The *Peterson* court then reasoned: "If it takes more than a year for the state court to reach its decision, petitioner's time to file his habeas petition under the AEDPA could expire and he might arguably be barred from federal review of his claims." *Id*. (footnote omitted). To avoid such a result, the *Peterson* court dismissed petitioner's habeas application without prejudice, preserving his "right to file an amended petition pursuant to Federal Rule of Civil Procedure 15(c)(2)." *Id*.

Similarly, in *Pace*, 544 U.S. at 416, 125 S.Ct. at 1813 (citation omitted), petitioner brought to the Court's attention the conundrum presented by the situation wherein a "'petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never "properly filed",' and thus that his federal habeas petition is time barred." In response, the Court provided: "A prisoner seeking state postconviction relief might avoid this predicament ... by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."*Id*. (citation omitted).

In accordance with the above advice, petitioner, in the instant matter, has filed a "protective" habeas corpus petition and is asking this court to stay and abey his federal habeas proceeding until his state remedies are exhausted. However, in considering petitioner's request, this court must take into account the Supreme Courts decision in *Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533, 161 L.Ed.2d 440 (2005), wherein the Supreme Court acknowledged the potential prescription problem posed by the AEDPA's one-year statute of limitations and the requirement under *Rose v. Lundy*, *supra*, that unexhausted habeas petitions be dismissed. While an obvious remedy to the problem is for a federal court to stay a petitioner's habeas action until he exhausts his state court remedies, the Court warned against employing such a remedy too often, explaining:

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1534. With this in mind, the Court decreed:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.[5]

In *Pace*, 544 U.S. at 416, 125 S.Ct. at 1813 (citation omitted), the Court observed that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause', [as required under *Rhines*], for him to file in federal court." However, rather than staying the instant matter and holding it in abeyance, the court believes the equitable tolling approach employed by Judge McNamara in *Sidney Moses v. C.M. Lensing, Warden*, No. 98-2021 (E.D. La. Nov. 30, 1998), to be the better course of action.[6]

In *Moses*, *supra*, Judge McNamara tolled, for equitable purposes, the AEDPA's statute of limitations, fashioning a remedy similar to the one utilized in *Kethley*, *supra*. Specifically, Judge McNamara dismissed petitioner's habeas application without prejudice

---

[5]In addition to the requirement that a petitioner have "good cause", the *Rhines* Court directed that a stay should not be granted "when [the petitioner's] unexhausted claims are plainly meritless." *Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535. In the instant matter, however, a thorough examination of the merits of petitioner's unexhausted claims is not possible because the State has not yet provided to this court a copy of the pertinent state court record. It is for this same reason, i.e., the absence of the pertinent state court record, that the court cannot, at this point, assess the accuracy of the State's position, as set forth in its opposition to petitioner's motion, that even if petitioner is given the benefit of the April 26, 2006 filing date of the instant habeas petition, his action is nevertheless untimely.

[6]Equitable tolling of the AEDPA's one-year time period, according to the Fifth Circuit, along with all of the other circuit courts who have faced the issue, is not prohibited. *See Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) ("We now join our sister circuits in concluding that AEDPA's one-year statute of limitations does not operate as a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled.")

for failure to exhaust, but stipulated that upon his return to federal court following exhaustion, petitioner "shall be allowed, pursuant to the filing of an appropriate motion, to reopen this matter thereby retaining the instant action's filing date for prescription purposes."[7]

Accordingly;

## **RECOMMENDATION**

IT IS HEREBY RECOMMENDED that the petition of George Toca for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice for failure to exhaust his state remedies. IT IS FURTHER RECOMMENDED that petitioner be allowed, within 30 days after exhausting his state court remedies,[8] to reopen this matter under the above-captioned case number and with the benefit of the instant action's filing date. IT IS FURTHER RECOMMENDED that petitioner's "Motion to Stay and Abate Accompanying Application for Writ of Habeas Corpus" be DENIED as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from

---

[7]*See* record in *Moses*, No. 98-2021, doc. 9, p. 3.

[8]30 days was the time period which the *Rhines* Court suggested would be a reasonable interval between when a petitioner exhausted his state court remedies and when he should be required to return to federal court for the purpose of adjudicating his habeas corpus proceeding. *See Rhines*, 544 U.S. at 278, 125 S.Ct. at 1535.

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).

    New Orleans, Louisiana, this  15th  day of    February   , 2007.


                                                LOUIS MOORE, JR.
                                              UNITED STATES MAGISTRATE JUDGE