UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GEORGE TOCA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-2292** |
| **BURL CAIN, WARDEN** | **SECTION: "A"(6)** |

## REPORT AND RECOMMENDATION

This matter is currently before this court pursuant to the district judge's Order (rec. doc. 22) referring petitioner's "Motion to Reopen" (rec. doc. 18), "Motion for Leave to Amend Application for a Writ of Habeas Corpus" (rec. doc. 19), and "Motion to Stay and Abey Proceedings" (rec. doc. 21) to the undersigned magistrate judge.

## BACKGROUND

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has a one-year statute of limitations for filing a federal habeas corpus application pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1) (West 2010), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. This limitation period, however, is tolled while "a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added).

An application for post-conviction relief is not considered to have been "properly filed" and, therefore, does not toll prescription, if it is rejected by the state courts as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 410, 125 S.Ct. 1807, 1810, 161 L.Ed.2d 669 (2005); s*ee also Hayden v. Cain*, 2007 WL 128854, *1 (E.D. La. 2007) (citations omitted) ("[W]hen state courts reject a state post-conviction application as untimely, it should not be considered 'properly filed' for purposes of the AEDPA and does not entitle a petitioner to statutory tolling.").

It is well-established that a petitioner, before seeking federal habeas corpus relief, must first exhaust his available state court remedies. 28 U.S.C. § 2254 (b)(1)-(3); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F. 2d 699, 702 (5th Cir. 1988).

In 1985, petitioner was tried and convicted in Orleans Parish Criminal District Court for first degree murder and was sentenced to life imprisonment. In 2004, an application for post-conviction relief was filed in the state court system on behalf of petitioner by "Innocence Project New Orleans".

Petitioner, anticipating that his state post-conviction proceeding may be deemed untimely and, as such, may not toll his federal habeas statute of limitations, filed the instant habeas corpus action pursuant to 28 U.S.C. § 2254 on April 26, 2006. (Rec. doc. 1). On that

same date, petitioner filed a motion to stay his habeas petition and hold it in abeyance (rec. doc. 2) until he exhausted his state court remedies.

On February 15, 2007, the undersigned magistrate judge issued a Report and Recommendation (rec. doc. 16), recommending that the instant matter be dismissed without prejudice due to petitioner's failure to exhaust his state court remedies and that petitioner be allowed, within 30 days after exhausting his state court remedies, to reopen the above-captioned matter. On March 15, 2007, the district court, noting that neither party had filed any objection to the magistrate judge's Report and Recommendation, issued an Order (rec. doc. 17) adopting the Report and Recommendation as its opinion and ordering that petitioner's habeas application be dismissed without prejudice and that petitioner be allowed, within 30 days after exhausting his state court remedies, to reopened the above-captioned action.

**PRESENT PROCEEDINGS**

Petitioner informs, pursuant to the motions presently before the court, that his state post-conviction proceeding is still pending within the state court system.[1] However, petitioner seeks to reopen the above-captioned matter for the limited purpose of amending his petition to add newly discovered claims, claims that he has already included in his state

[1]Petitioner advises that his post-conviction application was denied by the state district court in June, 2010, as untimely, but that he has not yet received an adjudication from either the Louisiana Fourth Circuit Court of Appeal or the Louisiana Supreme Court.

post-conviction application.  The State, pursuant to a telephone conference with the undersigned magistrate judge's staff, has advised that it has no objection to the reopening of the above-captioned action for the purpose of allowing petitioner to file an amended application for habeas corpus relief.  Accordingly;

## RECOMMENDATION

It is therefore **RECOMMENDED** that petitioner's motion to reopen the above-captioned action (rec. doc. 18) be GRANTED.

It is further **RECOMMENDED** that petitioner's motion for leave to amend his application for a writ of habeas corpus (rec. doc. 19) be GRANTED.

It is further **RECOMMENDED** that thereafter, this matter, once again, be CLOSED, reserving petitioner's right, within 30 days after he has exhausted his state court remedies, to reopen the above-captioned action with the benefit of the instant action's filing date.

It is further **RECOMMENDED** that petitioner's motion to stay and abey proceedings (rec. doc. 21) be DENIED as moot.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[2]

New Orleans, Louisiana, this __24th__ day of _____January_____, 2011.

                                                  LOUIS MOORE, JR.
                                                United States Magistrate Judge

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.